11-2134-ag
Pun v. Holder

BIA
Abrams, IJ
A099 536 260

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
>     Circuit Judges.

_____

GUKARNA PUN,
       *Petitioner,*

  v.           11-2134-ag
                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*

_____

FOR PETITIONER:   Shifa Soressa, New York, New York.

FOR RESPONDENT:   Tony West, Assistant Attorney General;
          William C. Peachey, Jr., Assistant
          Director; Ada E. Bosque, Trial
          Attorney, Office of Immigration
          Litigation, United States Department of
          Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gukarna Pun, a native and citizen of Nepal, seeks review of an April 26, 2011, decision of the BIA affirming the April 17, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Gukarna Pun*, No. A099 536 260 (B.I.A. Apr. 26, 2011), aff'g No. A099 536 260 (Immig. Ct. N.Y. City April 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA adopted, affirmed, and extended the IJ's decision, we review the two decisions in tandem. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We review "factual findings under the substantial evidence standard," *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008), and "defer to the BIA's reasonable interpretations of the immigration laws," *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005). *See also* 8 U.S.C. § 1252(b)(4)(B).

2

## I. Asylum and Withholding of Removal

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm or suffering must be inflicted in order to punish the individual for possessing a belief or characteristic the persecutor seeks to overcome, and inflicted either by the government of a country or by persons or an organization that the government is unable or unwilling to control. *Acosta*, 19 I. & N. Dec. at 222; *see also Pavlova v. INS*, 441 F.3d 82, 85 (2d Cir. 2006). In addition, the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341.

The agency reasonably concluded that the mistreatment experienced by Pun did not rise to the level of persecution. Pun argues that the mistreatment experienced by his brother and other family members establishes that he experienced persecution in Nepal. But "an applicant must rely upon harm the applicant has suffered individually"; mistreatment

3

experienced by others, even close family members, is not sufficient to constitute harassment. *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007).

Pun also argues that the threats made by the Maoists constitute past persecution. Unfulfilled threats, however, are also insufficient to demonstrate past persecution. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006). Pun further argues that his family's displacement by the Maoists constitutes past persecution. The agency, however, reasonably concluded that this forced relocation did not constitute persecution, because Pun failed to demonstrate that "severe economic disadvantage" resulted from this relocation. *See Matter of T-Z-,* 24 I. & N. Dec. 163, 173 (BIA 2007).

The agency also reasonably concluded that Pun failed to demonstrate a well-founded fear of future persecution. Although Pun testified that he feared that he would be targeted by the Maoists on account of his political opinions, he offered no evidence that the Maoists were aware of his opinions and, in fact, testified that he had never expressed his opinions "face to face" with the Maoists. None of the letters he offered in support of his application indicate that

4

the Maoist forces are still looking for Pun. Although Pun argues that he has a well-founded fear of persecution based on the general violence engaged in by the Maoists in Nepal, the fact that the Maoists may act out of a "generalized political motive," rather than any actual or imputed political opinion held by Pun is not sufficient to constitute persecution. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (internal quotation marks omitted).

Pun further argues that the mistreatment experienced by his brother in Nepal is sufficient evidence to establish that he will be persecuted if he returns to Nepal. However, Pun offers no evidence that he is likely to experience the same problems encountered by his brother, particularly in light of the fact that, unlike Pun, his brother was abducted by the Maoist forces and escaped their forced military training. *See* 8 C.F.R. § 1208.13(b)(2)(iii) (providing that to demonstrate a well-founded fear of persecution, an applicant must show either that he "would be singled out individually for persecution" or that there is a "pattern or practice . . . of persecution of a group of persons similarly situated to the applicant"). Therefore, as the agency reasonably found that Pun failed to demonstrate either past persecution or a well-founded fear of persecution, it did not err in denying his

5

claims for asylum and for withholding of removal, which were based on the same factual predicate. *See* 8 C.F.R. § 1208.13(b)(2)(iii); 8 C.F.R. § 1208.16(b)(2)(i); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II. CAT Relief

Pun argues that the agency improperly determined that he waived his CAT claim by failing to challenge it in his brief to the BIA, and that he is eligible for CAT relief because the background materials on Nepal reflect rising violence and upheaval. Pun's brief in the BIA, however, contained no argument regarding the IJ's denial of his request for CAT relief. Accordingly, he failed to raise this avenue of relief with the BIA. *See Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007). Because Pun failed to challenge the IJ's denial of relief under the CAT in his appeal to the BIA, we lack jurisdiction to consider any challenge to the denial of that relief. 8 U.S.C. § 1252(d)(1).

## III. Motion to Remand

Finally, the agency did not abuse its discretion by denying Pun's motion to remand. *See Sanusi v. Gonzales*, 445 F.3d 193, 201 (2d Cir. 2006). Motions to remand are subject to the same substantive requirements as motions to reopen,

6

including the requirement that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c); *Matter of Coelho,* 20 I. & N. Dec. 464 (BIA 1992). In support of his motion, Pun presented articles describing the deterioration of conditions in Nepal after the resignation of the prime minister, and a letter from his brother describing his experiences after returning to Nepal from Dubai. However, because none of these materials demonstrated that the Maoists would single Pun out for persecution on the basis of his political beliefs, the evidence was not material. *See* 8 C.F.R. §§ 1003.2(c), 1208.13(b)(2)(iii). Pun also failed to demonstrate that these materials were unavailable to him when he first made his petition. Accordingly, the BIA did not abuse its discretion in denying Pun's motion to remand.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7